# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GERARD W. CARTER,**

                    **Petitioner,**

   v.                                              **Case No. 11-C-273**

**SHERIFF DAVID GRAVES,**
**J.B. VAN HOLLEN,**

                    **Respondents.**

## ORDER GRANTING THE RESPONDENTS' MOTION TO DISMISS

**PROCEDURAL HISTORY**

Gerard W. Carter ("Carter"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner paid the required filing fee and his petition was randomly assigned to this court. The court ordered the respondent to answer the petition, which was done on June 10, 2011. (Docket No. 14.) (Because the petitioner was not yet in custody at the time his petition was filed, in accordance with Rule 2(b) of the Rules Governing Section 2254 Cases, both the Sheriff overseeing the county jail where he was expected to serve his sentence and the Attorney General of Wisconsin are named as respondents; this technicality is inconsequential for present purposes and so for the sake of clarity, the court shall use the singular term "respondent" rather than its plural.)

On June 13, 2011, the respondent filed a motion to dismiss, which was accompanied by a brief in support. (Docket Nos. 15, 16.) The court permitted the petitioner until July 11, 2011 to respond to the motion to dismiss and the respondent's answer. (Docket No. 18.) The petitioner failed to do so. All parties have previously consented to the full jurisdiction of a magistrate judge,

(Docket Nos. 7, 13), and therefore this court must now turn to the merits of the respondent's motion to dismiss.

**MOTION TO DISMISS**

On March 13, 2008, as a result of a guilty plea, Carter was convicted of his fourth offense of drunk driving, a misdemeanor at that time in Wisconsin. (Docket No. 14-1 at 1.) The court imposed a sentence that included revocation of Carter's driver's license for 30 months, a $2,000.00 fine, and 240 days in jail. (Docket No. 14-1 at 1.) To establish the requisite three prior offenses, the state included two of Carter's violations of Illinois' "zero tolerance" law on alcohol consumption for which his driver's license was summarily suspended, as "convictions." Under Illinois law, a person under the age of twenty-one will have his driver's license summarily suspended if he is arrested for any traffic violation and, if there is reason to believe he has been drinking, either refuses to undergo a chemical test or the chemical test reveals that his blood alcohol concentration is greater than 0.00. (Ans. Ex. N at ¶¶10-14.)

The circuit court concluded that these summary suspensions counted as convictions under Wisconsin law and thus sentenced Carter as a four-time offender. (Ans. Ex. A.) Carter's sentence was stayed pending appeal. The court of appeals reversed, holding that a summary suspension for a violation of Illinois' zero-tolerance law was not a conviction under Wisconsin law. (Ans. Ex. G.) The Wisconsin Supreme Court reversed the court of appeals and concluded that Carter's two zero-tolerance violations were convictions within the meaning of Wis. Stat. §§ 343.307(1)(d) and 340.01(9r). (Ans. Ex. N at ¶65.)

In his petition, Carter contends that counting his Illinois zero-tolerance violations as convictions violated his right to due process and equal protection. (Docket No. 1 at 6.) However, as the respondent points out, this is the first time that Carter's challenge to how these prior violations were counted has been framed in constitutional terms. In the state courts, Carter never raised a

2

constitutional basis for challenging the use of these prior violations. Instead, the issue in the state courts was framed entirely as one of statutory interpretation.

A review of the parties' filings in both the court of appeals and the Wisconsin Supreme Court, (Ans. Exs. B, C, D, E, F, H, I, K, L, M), as well as the decisions of these courts, (Ans. Exs. G, M), makes clear that constitutional issues were never addressed in the state courts. For example, the state's petition for review demonstrates that the questions before the state court were narrow. (Ans. Ex. H.) The question before the state courts was the meaning of Wis. Stat. § 343.307(1) and § 346.65(2) which state that "suspensions, revocations, and other convictions" shall be counted when determining the number of prior offenses a repeat drunk driver has committed.

Subsection (e) of Wis. Stat. § 343.307(1) instructs courts to count "suspensions or revocations under the law of another jurisdiction arising out of a refusal to submit to chemical testing." However, the Illinois law that Carter violated called for summary suspension of a driver's license if a driver under the age of 21 refused to take a chemical test *or* was found to be driving with any alcohol in his system. The records did not indicate whether Carter refused to take a chemical test or if he had taken a test and was found to have alcohol in his system. Therefore, Carter argued that the prior suspensions could not count under Wis. Stat. § 343.307(1)(e) because the state failed to prove that the prior suspension was a result of refusing to take a chemical test.

The Wisconsin Supreme Court agreed with Carter on this point but held that Carter's Illinois suspensions nonetheless were "convictions" under a separate statutory provision, Wis. Stat. § 343.307(1)(d), and thus could be counted in determining the number of prior convictions.

The closest Carter came to presenting a constitutional argument was when he contended that counting a violation of Illinois' zero tolerance law would be unfair when violations of Wisconsin's similar zero tolerance law were not counted as prior convictions when calculating the number of a defendant's prior drunk driving offenses. (Ans. Ex. L.) However, Carter presented this fairness

3

argument simply as a factor in favor of his interpretation of the Wisconsin statutes; Carter never argued that counting an Illinois conviction but not a Wisconsin conviction violated either due process or equal protection.

In the absence of any constitutional argument from the parties, the Wisconsin Supreme Court naturally did not address it. Instead, the court noted the anomaly regarding the treatment of Wisconsin versus out-of-state convictions but stated that it was a policy decision of the legislature and thus a decision the court must respect. (Ans. Ex. N at ¶¶59-64.)

**ANALYSIS**

A federal court generally may not grant a state inmate's petition for a writ of habeas corpus "unless the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires not merely challenging a conviction at each level of the state judicial system but also presenting those courts with the claims the petitioner seeks to present to the federal court. See White v. Peters, 990 F.2d 338, 341 (7th Cir. 1993). Simply because a federal constitutional claim relies upon the same facts as the state law claim presented in state court does not mean that the petitioner has exhausted his state court remedies. Id. (citing Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam)). Rather, the petition must have "raise[d] the red flag of constitutional breach" in the state courts. Verdin v. O'Leary, 972 F.2d 1467, 1475 (7th Cir. Ill. 1992) (quoting Dougan v. Ponte, 727 F.2d 199, 201 (1st Cir. 1984)).

Carter did nothing to alert the state courts that he believed that the use of his two convictions from Illinois violated his right to due process or equal protection. The challenge he presented in the state courts was squarely and solely a matter of statutory interpretation and thus was materially different from the claim he seeks to present here. See White, 990 F.2d at 341. Therefore, Carter has failed to fairly present to the state courts the constitutional claim he seeks to raise here, and

4

accordingly Carter has procedurally defaulted this claim by failing to exhaust his state court remedies. Lieberman v. Thomas, 505 F.3d 665, 669 (7th Cir. 2007); Verdin, 972 F.2d at 1474.

Carter has failed to respond to the respondent's motion to dismiss and thus has not presented any argument as to why this court should excuse his default. In the absence of any argument that any of the rare equitable exceptions to procedural default applies to this case, the court need not consider the matter further. Therefore, the respondent's motion to dismiss shall be granted.

**IT IS THEREFORE ORDERED** that the respondents' motion to dismiss is hereby **granted**. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 29th day of July, 2011.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge